**[Cite as *Peterson v. Black*, 2024-Ohio-1963.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE EX REL. SAMSON W.
PETERSON

    Petitioner

    v.

JENNIFER GILLECE-BLACK

    Respondent

C.A. No.     31118

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: May 22, 2024

PER CURIAM.

**{¶1}** Petitioner Samson W. Peterson has filed a petition for writ of habeas corpus asking this Court to order Respondent Jennifer Gillece-Black, Warden of Lorain Correctional Institution, to release him from prison. Because Mr. Peterson filed his petition in the wrong county, this case must be dismissed.

**{¶2}** R.C. 2725.02 authorizes courts of appeals to grant writs of habeas corpus. That grant of jurisdiction, however, is limited by R.C. 2725.03, which states that only courts of the county "in which the institution is located [have] jurisdiction to issue or determine a writ of habeas corpus * * *." According to the petition, Mr. Peterson is incarcerated in the Lorain Correctional Institution, a state correctional institution located in Lorain County. Mr. Peterson filed his petition in Summit County, the county of his conviction, according to the petition, rather than Lorain County, the county of his incarceration.

{¶3}    The Ohio Supreme Court considered this issue in *Brown v. Hall*, 123 Ohio St.3d 381, 2009-Ohio-5592.  Mr. Brown was incarcerated in Richland County, but filed his petition in Stark County; both Richland and Stark Counties are part of the Fifth District Court of Appeals. The Fifth District considered Mr. Brown's petition on the merits.  The Supreme Court reversed and ordered the case dismiss.  The Court held that even though the "petition reached the same district court of appeals it would have had it been filed in the correct county, the court of appeals still lacked jurisdiction to determine the merits of [the] petition."  *Brown* at ¶ 1.

{¶4}    Like Mr. Brown, in this case, Mr. Peterson's petition also reached the same district it would have had he filed it in Lorain County.  Nevertheless, Mr. Peterson's improper filing of the petition in Summit County has deprived this Court of jurisdiction to consider it.  *Id.  See also Chatman v. Santiago*, 9th Dist. Summit No. 25197 (May 14, 2010).

{¶5}    Because Mr. Peterson did not file his petition in the county in which he is incarcerated, this Court lacks jurisdiction to consider it.  Accordingly, this case is dismissed.

{¶6}    Costs are taxed to Mr. Peterson.  The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal.  *See* Civ.R. 58(B).

_____
BETTY SUTTON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

SAMSON W. PETERSON, Pro se, Petitioner.